IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL ROPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action |
| | ) File No.: |
| KAWASAKI HEAVY INDUSTRIES, LTD., | ) |
| KAWASAKI MOTORS CORP., U.S.A, and | ) |
| MOTIONS-HONDA-KAWASAKI- | ) **JURY TRIAL DEMANDED** |
| SUZUKI-YAMAHA, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Kawasaki Heavy Industries., Ltd. ("KHI") and Kawasaki Motors Corp., U.S.A. ("KMC") (collectively, the "Kawasaki Defendants"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1441 *et seq.*, hereby give notice of their removal of Plaintiff's State action to this Court. In support of removal, the Kawasaki Defendants state:

1. On or about January 29, 2013, Plaintiff Michael Roper ("Plaintiff") commenced an action against the Kawasaki Defendants, along with Defendant Motions-Honda-Kawasaki-Suzuki-Yamaha ("Motions") in the State Court of Gwinnett County, Georgia, Case No. 13-C-00589-2.

2. The Kawasaki Defendants accepted service of the summons and Complaint. Further, by agreement of the parties, the Kawasaki Defendants both filed their respective Answers to Plaintiff's Complaint in the state court action on May 17, 2013.

3. Plaintiff's Complaint specifically pleads that "Motions is a domestic business entity that it is a citizen of the state of Georgia. It may be served with process at its principal business location, 333 Cobb Parkway, North, Marietta, Georgia 30062." *Id.* at Paragraph 10. As

such, Motions would be considered a citizen and resident of the State of Georgia for purposes of federal diversity jurisdiction.

4. As of May 24, 2013 (a week after the Kawasaki Defendants filed their Answers), Plaintiff's counsel had not obtained service on Defendant Motions. On May 24, 2013, counsel for the Kawasaki Defendants sent Plaintiff's counsel an e-mail asking whether Defendant Motions had filed an Answer or otherwise appeared in the state court action. On May 24, 2013, Plaintiff's counsel sent counsel for the Kawasaki Defendants an e-mail in response stating in relevant part, "No answer from the dealer [Motions] at this point. We haven't been able to figure out whom to serve. The dealer is defunct, apparently. But we're working on it." *See* Exhibit A (a copy of those May 24, 2013 emails).

5. On October 8, 2013, Defendant Motions still had not answered or otherwise appeared in the state court action. On October 8, 2013, counsel for the Kawasaki Defendants sent Plaintiff's counsel an e-mail again asking if Plaintiff had ever served Defendant Motions with the summons and Complaint. On October 9, 2013, Plaintiff's counsel sent counsel for the Kawasaki Defendants an email in response, stating that Plaintiff had "had no luck tracking [Defendant Motions] down," and that Defendant Motions "[didn't] exist any more." *See* Exhibit B (a copy of those October 8 and 9, 2013 emails).

6. As a result, on October 9, 2013, the Kawasaki Defendants first learned that Plaintiff did not intend to further pursue service on Defendant Motions or further pursue his claim against Defendant Motions in the state court action.

7. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process, pleadings and orders served on the Kawasaki Defendants is attached hereto as Exhibit C. No other papers, pleadings, process, or orders have been served on Defendants in connection with that action, and

no proceedings have been conducted in that action as of the filing of this Notice of Removal, other than those contained in Exhibit C.

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because it is being filed within thirty (30) days after the Kawasaki Defendants first learned that Plaintiff did not intend to further pursue service on Defendant Motions or further pursue his claim against Defendant Motions in the state court action. Under 28 U.S.C. § 1446(b)(3), if "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion order *or other paper from which it may first be ascertained that the case is one which is or has become removable.*" (emphasis added). The October 8, 2013 e-mail from Plaintiff's counsel to counsel for the Kawasaki Defendants constituted a "paper from which" the Kawasaki Defendants could first ascertain that Plaintiff did not intend to serve or pursue his claim against Defendant Motions and, therefore, that the case had become removable.

9. As now constituted solely by Plaintiff's claim against the Kawasaki Defendants, this action is one in which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 (diversity), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441, in that this is an action of a civil nature, wherein Plaintiff has alleged in his Complaint a claim in excess of $75,000.00, exclusive of interest, costs and attorneys' fees, and is between citizens of different states, as more fully shown below:

    a. **Plaintiff's citizenship:** At the time such action was commenced, and at the present time, Plaintiff is (and has been) a citizen and resident of the State of Georgia;

b. **Defendant KHI's citizenship:** At the time such action was commenced, and at the present time, KHI was and is a corporation organized under and existing by virtue of the laws of the nation of Japan. It is not a citizen or resident of the State of Georgia, where the subject state court action was brought.

c. **Defendant KMC's citizenship:** At the time such action was commenced, and at the present time, KMC was and is a corporation organized under and existing by virtue of the laws of the State of Delaware. Its principal place of business is in the State of California, and it was not, and is not, a citizen or resident of the State of Georgia, where the subject state court action was brought.

d. **Amount in Controversy:** Plaintiff's Complaint requests damages resulting from an alleged motorcycle accident in which Plaintiff was allegedly operating the motorcycle. Plaintiff's Complaint requests damages including past, present and future mental pain and suffering; past, present and future medical expenses; past, present and future lost wages and earnings; lost future earning capacity; and other unspecified damages. On or about October 13, 2013, Plaintiff served amended answers to Interrogatory stating that his "medicals to date total $1,837,626.42." As such, upon information and belief, such damages sought by Plaintiff herein will total an amount in excess of $75,000.00.

10. Upon information and belief, Defendants file this Notice of Removal with all requisite conditions to establish removal jurisdiction in this Court.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and a Notice to the Gwinnett County, Georgia Circuit Clerk is being filed with the State Court. A copy of the Notice to the Gwinnett County, Georgia Circuit Clerk is attached as Exhibit D.

12. Defendants request a trial by jury on all counts of Plaintiff's Complaint.

Respectfully submitted this 5th day of November, 2013.

                        **HAWKINS PARNELL**
                           **THACKSTON & YOUNG LLP**


                    By   *s/ Michael J. Goldman*
                          Michael J. Goldman
                          Georgia Bar No.: 300100

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
E-Mail: mgoldman@hptylaw.com

Of counsel:

Richard A. Mueller, Esq.
Missouri State Bar No.: 3909
Carl J. Pesce, Esq.
Missouri State Bar No.: 39727
Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63301
Telephone: (314) 552-6000
Facsimile: (314) 552-7000

Attorneys for Defendants,
Kawasaki Heavy Industries, Ltd. and
Kawasaki Motors Corp., U.S.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Jason L. Crawford
Peter J. Daugherty
Dustin T. Brown
Daugherty, Crawford & Brown, LLP
P.O. Box 1118
Columbus, Georgia 31902

Larry A. Pankey
Pankey & Horlock, LLC
4360 Chamblee Dunwoody Road
Suite 500
Atlanta, Georgia 30341

Joshua Sacks
The Law Offices of Josh Sacks, P.C.
1705 C. Mount Vernon Road
Dunwoody, Georgia 30338

            *s/ Michael J. Goldman*
            Michael J. Goldman
            Georgia Bar No.: 300100